JOHN GUEGEL v. STATE.

No. A-4490.    Opinion Filed March 13, 1924.
(223 Pac. 720.)

Appeal from County Court, Canadian County; W. M. Wallace, Judge.

John Guegel was convicted of the offense of unlawfully conveying intoxicating liquor, and he appeals. Affirmed.

E. C. Patton, for plaintiff in error.

The Attorney General, for the State.

PER CURIAM. The plaintiff in error, John Guegel, was convicted in the county court of Canadian county of the offense of unlawfully conveying intoxicating liquor, and his punishment fixed at imprisonment in the county jail for a period of 90 days and to pay a fine of $250. Judgment was rendered on the 28th day of October, 1922. Petition in error with transcript of the record attached was filed in this court on the 3rd day of November, 1922.

This cause was finally submitted on the 28th day of February, 1924. No brief has been filed in behalf of plaintiff in error, but counsel representing plaintiff in error has filed a motion requesting this court to modify the judgment and sentence because the same is apparently excessive, in that the defendant was convicted on evidence that discloses that he only transported one quart of corn whisky, without evidence to show any sales by defendant, or such other evidence as should result in the infliction of a penalty as severe as was assessed against him in this case.

The record shows that the punishment assessed was fixed by the jury by a unanimous verdict. The plaintiff in error has not brought before this court a case-made including a transcript of the testimony, but his appeal is based alone

upon a transcript of the record. This court, not having been furnished a transcript of the evidence, cannot intelligently pass upon the question of the excessiveness of the punishment assessed, and in view of the fact that the punishment imposed was fixed by the jury after having heard all the evidence within the limitations allowed by law for punishment in such a prosecution, there is nothing before this court that shows that the penalty here imposed is highly excessive or the probable result of passion and prejudice upon the part of the jury.

An examination of the record before us discloses no error sufficiently prejudicial to the rights of the defendant to authorize a reversal of this judgment.

The same is therefore affirmed.